## DILLINGHAM v. UNITED STATES
### No. 7619.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1935.

W. P. Hughes, of Miami, Fla., for appellant.

John W. Holland, U. S. Atty., of Jacksonville, Fla.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from an order, entered March 10, 1934, revoking appellant's probation and making effective the two years sentence in the Atlanta penitentiary theretofore imposed on him. The order was entered upon the report and petition of the probation officer, filed December 7, 1933, advising that the probationer had violated the conditions of his probation by failing, since September 13, to report, and in effect, that he had fled the jurisdiction. It prayed a bench warrant for his apprehension. About the same time the grand jury returned an indictment against the probationer, charging him with a conspiracy, begun and completed not since, but before his sentence in the other case was suspended, to import into the United States Merchandise contrary to law, to wit, beer. The record made up by counsel employed since the hearing, shows that no objection was made and no exception taken to any of the proceedings which resulted in the order of revocation. What bill of exceptions there is, is meager and unsatisfactory, but it clearly shows, and this was sufficient to support the judgment of revocation, that appellant was a fugitive from justice; a fu-

gitive from the custody and control of the court over him as a probationer, in violation of its rules and of his duty and obligations to it. It is claimed on appellant's behalf that the revocation is invalid, because not based upon a violation of the conditions of probation named in the judgment suspending his sentence, that "the defendant violate no law, state or Federal, during his probationary period." It is claimed, too, that the revocation followed a hearing inadequate as to procedure and proof.

██ There is no merit in these contentions. The terms of probation were most general. They embraced and included the court's rules and regulations regarding probation, the duty of the probationer to keep in touch with the probation officer, and particularly his obligation not to absent himself from the United States and the jurisdiction of the court. One on probation is not at large, nor at liberty, except within the circumscribed limits permitted by his probation. He is in law and in fact in the custody and under the control of the court of his probation. He may not interfere with or set this at naught, nor may any one else. It has been held he is so much in its custody that without permission from the federal court of his probation, criminal proceedings may not be instituted in other courts against him. Grant v. Guernsey (C. C. A.) 63 F.(2d) 163, certiorari denied 289 U. S. 744, 53 S. Ct. 688, 77 L. Ed. 1491. For a person so circumscribed to betake himself out of the United States entirely, and there remain as a fugitive from justice, is a direct violation of and disobedience to the very fundamental conditions of his probation. It is not necessary that all of the conditions of probation be set out in the sentence, nor are formal hearings and formal procedure necessary to a revocation of probation. It is enough that it be made sufficiently to appear that the probationer has not conducted himself in accordance with his duty as a probationer. Burns v. United States, 287 U. S. 216, 53 S. Ct. 154, 77 L. Ed. 266. But if formal charges and formal proceedings were necessary, they were sufficiently had here, for he was brought before the judge on a complaint filed by the probation officer. His having departed from the country and been a fugitive from justice stood established on the record. No more was needed.

The judgment of revocation was right. It is affirmed.