No. 18,721.

In re Senate Concurrent Resolution No. 10 of the Forty-First General Assembly of the State of Colorado.

(328 P. [2d] 103)

June 19, 1958.

Mr. Duke W. Dunbar, Attorney General, appeared on behalf of the Governor.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

June 18, 1958, there were filed in this court certain interrogatories propounded by the Governor under section 3, article VI of the Constitution which authorizes the court to "give its opinion upon important questions upon solemn occasions when required by the governor."

The request of the Governor is in the following form:

"WHEREAS, Senate Concurrent Resolution No. 10

Second Regular Session of the Forty-first General Assembly, a true copy of which is hereto attached, and which is entitled

"'SUBMITTING TO THE QUALIFIED ELECTORS OF THE STATE OF COLORADO, AN AMENDMENT TO ARTICLE XII OF THE CONSTITUTION OF THE STATE OF COLORADO, CONCERNING THE COMPETITIVE CIVIL SERVICE OF THE STATE.'"

was, pursuant to Article XIX Section 2 of the Constitution, proposed and voted for by two-thirds of all members elected to each house; and, such proposed amendment, together with the ayes and noes of each house, entered in full on their respective journals; and

"WHEREAS, said resolution provides for submission to the people of an amendment to Article XII of our Constitution, relating to Civil Service, at the General election to be held in November, 1958; and

"WHEREAS, said resolution, in Section 13 thereof, proposes inclusion within the classified service of 'all civil offices and employments in the executive branch' except those exemptions enumerated in subsections 1 through 11 of section 13; and

"WHEREAS, subsection 5 of said section 13 specifies an exemption in the following language:

" 'Executive, Administrative, professional employees and teachers of all state colleges, universities, State Department of Education; officers, administrative and department heads, and curators in the State Historical Society; and all members of the teaching faculties of any state institution whose sole duty with such institution is teaching.' "
and,

"WHEREAS, the phrase 'officers, administrative and department heads, and curators in the State Historical Society' has and is being represented to the electorate as exempting all officers, administrative and department

heads in the executive branch and exempting only 'curators' in the State Historical Society; and

"WHEREAS, it appearing to me that such interpretation has created grave confusion for our people as to a proposed change in an article of the basic law of our State which can be amended only by their vote; and

"WHEREAS, whether under the proposed amendment 'officers, administrative and department heads' in all agencies are to be included or exempted from classified service is a matter about which there should be no doubt inasmuch as inclusion or exemption of such positions gravely affects the entire administration of the executive branch of our government and is a matter of extreme importance and great public interest; and

"WHEREAS, authority to propose amendments to our Constitution is by virtue of Article XIX Section 2 of our Constitution vested in the General Assembly, a regular session of which will not occur prior to the November, 1958, General Election; and

"WHEREAS, under Article IV Section 7 of our Constitution, I, as Governor am alone empowered on extraordinary occasions to convene the General Assembly; and

"WHEREAS, it appearing to me that grave doubt exists among the electorate as to the meaning of Subsection 5 of Section 13 of Senate Concurrent Resolution No. 10 and I am in grave doubt as to whether, if I convene the General Assembly for the purpose of considering an amendment thereto, such Assembly has authority under our Constitution to amend Senate Concurrent Resolution No. 10, and

"WHEREAS, the Attorney General's opinion has been sought and obtained; and

"NOW, THEREFORE, in view of the premises, I believe that a solemn occasion within the meaning and intent of Article VI, Section 3 of our Constitution has arisen, and accordingly request this Honorable Court to render its opinion upon the following questions, viz:

"1. Does the entire phrase 'officers, administrative and department heads, and curators in the State Historical Society' apply only to the State Historical Society?

"2. If the answer to question Numbered 1 is 'No,' does the General Assembly have the authority under Article XIX Section 2 to change and amend Senate Concurrent Resolution No. 10 in special session prior to submission of said proposed amendment to the people?"

We find that the facts set forth in the foregoing request are such as to warrant exercise of the jurisdiction conferred upon this court by the constitution. Since there is no constitutional requirement that reasons be given in answering these questions, we deem it advisable in the promotion of expedition to do no more than repeat the questions and give the answers.

Question 1. Does the entire phrase "officers, administrative and department heads, and curators in the State Historical Society" apply only to the State Historical Society?

The answer is "Yes."

Question 2. If the answer to question Numbered 1 is "No," does the General Assembly have the authority under Article XIX Section 2 to change and amend Senate Concurrent Resolution No. 10 in special session prior to submission of said proposed amendment to the people?

We note that this question is so framed as to request a response only in the event that question 1 above is decided in the negative. Since that question has been determined in the affirmative we are not necessarily called upon to answer the second question, but in view of other matters now being considered by the current special session of the legislature we have elected to answer it. The answer is "Yes."