No. 18,844.

ELIZABETH M. STERLING v. H. N. ARCHAMBAULT, ET AL.
(332 P. [2d] 994)

Decided October 27, 1958.

Messrs. IRELAND, IRELAND, STAPLETON & PRIOR, Mr. WILLIAM B. NAUGLE, for petitioner.

MR. SAMUEL D. MENIN, for respondent H. N. Archambault.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, for respondent George J. Baker, Secretary of State.

Mr. BARNEY O'KANE, for respondent Betty L. Reichwein.

Mr. LEO W. RECTOR, for respondents Charles A. Prescott and Ruth Thomas.

Mr. ROBERT W. NEVENS, for respondents Joseph T. Mc-Donough and Marjorie M. Richardson.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

ELIZABETH M. STERLING, herein referred to as Petitioner, on October 7, 1958, filed a petition in this court, seeking an order on respondents Secretary of State and several county clerks to strike the name of respondent H. N. Archambault from the ballots in the Sixth Senatorial District of Colorado.

Petitioner alleged that she is a qualified elector and resident within the Sixth Senatorial District of Colorado; that H. N. Archambault on September 19, 1958, filed with the Secretary of State certain nomination certificates designating him as an Independent Party candidate for State Senator from the Sixth Senatorial District of this state, together with his acceptance of the nomination. The petition further alleged that said Archambault was convicted on three counts in the United States District Court for the District of Colorado for violation of 21 U.S.C. Sections 331 and 333 and "that pursuant to said conviction respondent H. N. Archambault was imprisoned in a common jail and placed on probation and is now at large on probation * * *." It was further alleged that said Archambault was and is "disenfranchised and *ineligible* to be a candidate" for said senatorial seat. The prayer of the petition was that the Secretary of State and the respective county clerks and recorders of the several counties of the Sixth Senatorial District be restrained from placing the name of Archambault on the ballots as a candidate for senator in said senatorial district.

An order was issued upon respondents to show cause why the relief prayed for should not be granted. Returns

were filed and the cause now being at issue we proceed to determine the sole question presented, viz: Was Archambault, under the record here made, a qualified elector of this state? The sufficiency of the nominating petitions is not questioned.

It is conceded by counsel for petitioner that if Archambault was a qualified elector of this state at the date of filing said nominating petitions, then the relief prayed for should be denied.

Art. VII Section 6 of the Colorado Constitution provides: "No person except a qualified elector shall be elected or appointed to any civil or military office in the state."

Art. VII Section 10 provides: "No person while confined in any public prison shall be entitled to vote; but every such person who was a qualified elector prior to such imprisonment, and who is released therefrom by virtue of a pardon, or by virtue of having served out his full term of imprisonment, shall without further action, be invested with all the rights of citizenship * * *."

It is admitted that Archambault was convicted on November 17, 1954, as recited in the petition herein; that he was sentenced to serve a term of ten months on each of the first and second counts, said terms to run concurrently. In addition he was fined a total of $2,000.00 It is admitted that Archambault was not sentenced under count three, but was placed on probation for a period of three years, such probation to commence upon the expiration of the terms of imprisonment imposed under counts 1 and 2. It is also admitted that the prison sentences have been served, the fines imposed paid and the period of probation has not terminated.

█ Archambault "having served out his full term of imprisonment" has become "without further action * * * invested with all the rights of citizenship." Hence he is eligible to be a candidate for State Senator from the Sixth Senatorial District. The constitutional prohibition is limited to the disenfranchisement of persons *while*

*confined in a public prison.* Having completed his term of imprisonment, Archambault is no longer "confined," hence he is eligible to run for office.

The writ heretofore issued must be and it is ordered discharged.

MR. JUSTICE SUTTON specially concurring:

This court has often held, based upon sound rules of construction, that it is not for the courts to determine the wisdom of valid constitutional or statutory provisions.

Within the past two years we have held that one convicted of a felony in another jurisdiction was not disqualified to hold public office. *People v. Enlow* (1957), 135 Colo. 249, 310 P. (2d) 539. In the *Enlow* case we were forced to our conclusion due to the absence of an express statute creating a disqualifying effect to a conviction and sentence by another jurisdiction. There we held that a sheriff convicted of a federal income tax violation was eligible and qualified to hold his office even though finally convicted in the federal courts.

In the present case Archambault was convicted under 21 U.S.C.A., §331-333, of misdemeanors; served two concurrent sentences and is on probation for a third offense. These misdemeanors involved the misbranding through indiscriminate dispensing of drugs without prescription. Archambault's probation occurred under 18 U.S.C.A., §3651, which permits the trial court to suspend the imposition of sentence and place a defendant on probation for such period and upon such terms and conditions as the court deems best. Were he to be elected to the office he seeks, and thereafter violated the conditions of his probation, he would be subject to sentence and to immediate imprisonment without further trial and obviously could not fulfill the duties of a public office. It has been held that one on probation is not at large nor at liberty except within the circumscribed limitations per-

mitted by his probation and is in fact in custody and under the control of the court. *Dillingham v. U. S.,* C.C.A., Fla. 1935, 76 F. 2d 35. Probation is a substitute for imprisonment; a conditional suspension of sentence. 24 C.J.S. 175, §1618.

Though the majority opinion here is correct because the constitution requires that one to be ineligible must be "in prison," it is apparent that the constitution omits a provision to cover the type of situation which now confronts us, as it is apparent that the statutes failed to cover the Enlow situation. To me it is a mockery to have to hold that despite Archambault's conviction of a crime involving the illegal dispensing of drugs, for which he has been granted probation rather than confinement, he is eligible to run for and hold public office before the period of his probation has expired.

My concurrence in the result here announced is not to be taken as a moral approval of our conclusion. I recognize that it is for the people of this state, and in proper cases the legislature, to determine whether it is desirable to perpetuate the constitutional and statutory provisions which permit the incongruous results which obtain here and which obtained in the *Enlow* case.

The result of the *Enlow* case and the holding of the present case where Archambault is still on probation, both fully qualify for the application of the ancient maxim of *reductio ad absurdum.*

I cannot believe that our conclusion is what the law abiding people of our state intended by the plain words they used in the constitution. However, since we are compelled to hold that such was the result of the words used, we should also point out that it is within their province to effect a change if they care to do so.