**In re INTERROGATORIES OF THE UNITED STATES DISTRICT COURT PURSUANT TO RULE 21.1**

**Lewis Roger MOORE, Plaintiff,**

v.

**J. D. MacFARLANE, Attorney General of Colorado, Mary Estill Buchanan, Secretary of State of Colorado, Donald Nicholson, President of Election Commission of the City and County of Denver, John Simonet, Director of Corrections of the City and County of Denver and Warden of the Denver County Jail, Mose Trujillo, Deputy Warden, Denver County Jail, Elvin Caldwell, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, Defendants.**

**No. 81SA346.**

Supreme Court of Colorado,
En Banc.

March 15, 1982.

Robert Allen Flynn, Crested Butte, for plaintiff.

---

Max P. Zall, City Atty., Gerald Himelgrin, Asst. City Atty., Denver, for defendants Nicholson, Simonet, Trujillo and Caldwell.

HODGES, Chief Justice.

Pursuant to C.A.R. 21.1, the United States District Court for the District of Colorado has certified to the Supreme Court of Colorado two questions of law pertaining to a pending federal case, and the Supreme Court has agreed to answer both.

The plaintiffs in the pending United States District Court case are confined or will be confined in the City and County of Denver jail while awaiting trial. They seek to enjoin jail officials from refusing to allow them and future pretrial detainees from exercising their right to vote and to require the defendants to assist them in exercising their voting rights. A brief answer to each interrogatory is sufficient under the factual basis furnished. *In Re Senate Concurrent Resolution No. 10*, 137 Colo. 491, 328 P.2d 103, 105 (1958).

■ *First Interrogatory*: Do the provisions of Article VII, Section 10 of the Constitution of the State of Colorado apply to qualified electors of the State of Colorado, who, at the time of any election, are confined in a county or municipal jail as pretrial detainees, who at said time have not been convicted of a crime with which they have been charged or who have not at said time been determined to be in violation of the terms of their probation granted by a court upon a previous conviction of a crime?

*Answer*: No. Article VII, Section 10 of the Colorado Constitution provides: "No person while confined in any public prison shall be entitled to vote; but every such person who was a qualified elector prior to such imprisonment, and who is released therefrom by virtue of a pardon, or by virtue of having served out his full term of imprisonment, shall without further action, be invested with all the rights to citizenship...."

Whether this constitutional provision acts to prohibit from voting those confined in a public prison prior to conviction is a ques-

tion of first impression for this court. While we find the provision itself somewhat ambiguous as to this issue, we conclude that the intent of the constitutional provision is to prohibit from voting only those who, at the time of an election, are confined in a public prison serving a term of imprisonment.

■ In interpreting the provision in this manner, we are guided by a longstanding rule of constitutional construction that provisions contained in this state's constitution are to be interpreted as a whole with effect given to every term contained therein. *People ex rel. Attorney General v. Curtice*, 50 Colo. 503, 117 P. 357 (1911). In this case, we find that the initial clause of the provision which provides that "No person while confined in any public prison shall be entitled to vote," is given meaning by the remaining clause which pertains only to those incarcerated to serve a term of imprisonment. *See Sterling v. Archambault*, 138 Colo. 222, 332 P.2d 994 (1958).

■ This interpretation is also consistent with a fundamental principle of this state's election statutes, that no law should be so strictly construed as to prohibit from voting those otherwise qualified to exercise the privilege. *Kellogg v. Hickman*, 12 Colo. 256, 21 P. 325 (1888). Were we to interpret the provision now under review as prohibiting all public prison detainees from exercising the right to vote, persons such as material witnesses who are confined either for reasons of safety or to insure their testimony at trial would be disenfranchised even though they have neither been charged with or convicted of a crime.

■ *Second Interrogatory*: Do the provisions of 1973 C.R.S. Title 1, Article 2, Section 103(4) apply to qualified electors of the State of Colorado who, at the time of an election, are confined in a county or municipal jail as pretrial detainees who at said time have not been convicted of a crime with which they have been charged or who have not at said time been determined to be in violation of the terms of their probation granted by a court upon a previous conviction of a crime?

*Answer*: No. Section 1–2–103(4), C.R.S. 1973 (1980 Repl. Vol. 1B) provides: "No person confined as a prisoner in a correctional facility or jail shall be eligible to register to vote or to vote in any election while so confined." This statutory provision reflects the same voting proscription contained in Article VII, Section 10, and further specifies that any person confined as a prisoner in any jail or correctional facility is not entitled to vote.

The term "prisoner" as used in section 1–2–103(4) is not defined by statute. However, because we believe that the legislature's intent in enacting this statutory provision was merely to expand the term "public prison" as used in Art. VII, Sec. 10, to include correctional facilities and jails, we interpret the term "prisoner" as one confined to serve a term of imprisonment.

Accordingly, for the same reasons as set forth in our answer to the first interrogatory, we conclude that section 1–2–103(4) does not prohibit pretrial detainees confined in a jail or correctional facility from exercising the right to vote.

ERICKSON, J., does not participate.