UNITED STATES of America, Plaintiff,

v.

Gary Lee SANDERS, Defendant.

No. 93–CR–342.

United States District Court,
D. Colorado.

Feb. 24, 1994.

Gregory Graf, Asst. U.S. Atty., for plaintiff.

Janine Yunker, Asst. Federal Public Defender, for defendant.

### ORDER

CARRIGAN, District Judge.

Defendant, Gary Lee Sanders, has been charged in a two-count indictment with making a false statement on a Bureau of Alcohol Tobacco and Firearms (ATF) form in violation of 18 U.S.C. § 922(a)(6), and with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Mr. Sanders has moved to dismiss the indictment on the grounds that he is not a prohibited person under § 922(g)(1).

### I. FACTUAL BACKGROUND.

Mr. Sanders has five Colorado state court convictions each for a crime punishable by a

term of imprisonment exceeding one year. Subsequent to his release from prison, Mr. Sanders allegedly made false statements on an ATF form while acquiring firearms from a Denver gun dealer. Additionally, Mr. Sanders allegedly possessed two firearms that had been shipped in interstate commerce.

## II. *ANALYSIS.*

Section 922(g)(1) provides that it is unlawful for any person:

"who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition ... which has been shipped or transported in interstate or foreign commerce."

"Conviction" is thus defined in 18 U.S.C. § 921(a)(20):

"What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

Mr. Sanders argues that despite his previous convictions, his civil rights were restored by operation of law when he was released from prison and he therefore was not prohibited from possessing a firearm under § 922(g)(1). The government responds that the prohibitions of § 922(g)(1) do apply because Mr. Sanders' right to possess firearms was not "affirmatively" restored.

The issue turns on an interpretation of law and involves no disputed facts. Counsel for both parties have asked that the matter be decided on the briefs without oral argument. After reviewing the briefs, I concur in their judgment that oral argument would not be helpful.

■ Section 921(a)(20) provides that the applicability of § 922(g)(1) is governed by the law of the state in which the felon was con-

victed; in this case, Colorado. *See United States v. Dahms,* 938 F.2d 131, 133 (9th Cir.1991). Section 921(a)(20) requires a two-step analysis: (1) "whether [Mr. Sanders'] civil rights have been substantially restored under [Colorado] law, [and if so (2) ] whether that law nonetheless expressly restricts his right to possess firearms." *Id.*

■ To determine whether a convicted felon's civil rights have been restored, "we must look to the whole of state law ... to determine whether the 'convicted felon' is entitled to vote, hold public office and serve on a jury." *United States v. Cassidy,* 899 F.2d 543, 549 (6th Cir.1990). Under Colorado law, Mr. Sanders is entitled to do all of those things. Thus, he now possesses substantially all the civil rights he previously forfeited as collateral consequences of his convictions. A majority of circuits that have decided the question hold that this status qualifies as a restoration of civil rights within the meaning of § 921(a)(20). *See United States v. Thomas,* 991 F.2d 206 (5th Cir.1993); *United States v. Edwards,* 946 F.2d 1347 (8th Cir. 1991); *Dahms,* 938 F.2d 131; *United States v. Essick,* 935 F.2d 28 (4th Cir.1991); *United States v. Gomez,* 911 F.2d 219 (9th Cir.1990); *Cassidy,* 899 F.2d 543.

■ Nevertheless the government urges this court to follow the First Circuit decision in *United States v. Ramos,* holding that § 921(a)(20) requires a state to take affirmative measures to restore civil rights. 961 F.2d 1003 (1st Cir.1992). My review of *Ramos,* however, leads me to conclude that not only is the reasoning of that opinion unpersuasive, but also the case is factually distinguishable.

Mr. Ramos was convicted of misdemeanors that carried a maximum prison sentence of two and one half years under Massachusetts law. *Id.* at 1007. As a result, he met the requirements of § 922(g)(1). Mr. Ramos argued that his civil rights had been restored. Under Massachusetts law, however, a convicted misdemeanant does not forfeit any civil rights, except temporarily while serving probation. *Id.* The First Circuit held that "the word 'restore' means 'to give back (as something lost or taken away).'" *Id.* at

1008. Because Mr. Ramos had never forfeited any civil rights, he could not have them "restored," and therefore he fell outside the exemption provided in § 921(a)(20).

Unlike Mr. Ramos, Mr. Sanders· clearly had forfeited civil rights as a consequence of his convictions. For example, while imprisoned, he was not permitted to vote or hold public office. The laws that provide for forfeiture of these rights, however, also give them back, or "restore" them. For example, Colo.Rev.Stat. § 18–1–105(3) restores the right to hold public office: "Upon his discharge after completion of service of his sentence ... the right to hold any office of honor, trust or profit shall be *restored.*" (emphasis added).

Furthermore, the restoration of rights in Colorado does not require any affirmative act. Article VII of the Colorado Constitution states:

> "No person while confined in any public prison shall be entitled to vote; but every such person who was a qualified elector prior to such imprisonment, and who is released therefrom by virtue of a pardon, or by virtue of having served out his full term of imprisonment, shall *without further action,* be invested with all the rights of citizenship, except as otherwise provided in this constitution." Colo. Const. art. VII, § 10 (emphasis added).

It would be absurd to require that restoration of civil rights occur through some sort of "affirmative act" when the state constitution expressly declares that no "further action" is required.[1] Restoration of rights by operation of law has been recognized for purposes of § 921(a)(20) by other courts as well. *See Thomas,* 991 F.2d at 213; *Dahms,* 938 F.2d

at 134; *Gomez,* 911 F.2d at 221; *Cassidy,* 899 F.2d at 549.

■ Having decided that Mr. Sanders' civil rights have been restored under Colorado law, the next inquiry is whether the restoration "expressly provides that the person may not ship, transport, possess or receive firearms." § 921(a)(20). Colorado law prohibits the possession of firearms by persons convicted of "burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon." Colo.Rev.Stat. § 18–12–108. The indictment states that Mr. Sanders has incurred previous state court convictions for theft, possession of a controlled substance, and attempted forgery, as well as for unlawful distribution, manufacturing, dispensing, sale, and possession of a controlled substance. According to § 18–12–108, none of these convictions precludes Mr. Sanders from lawfully possessing a gun. I conclude that Colorado law does not expressly prohibit Mr. Sanders' possession of a firearm.[2] Therefore Count 1 of the indictment, charging violation of 18 U.S.C. § 922(g)(1), must therefore be dismissed.

Count 2 of the indictment, charging that Mr. Sanders made false statements on ATF Form 4473 in violation of 18 U.S.C. § 922(a)(6), also must be dismissed.[3] Question 8(b) on Form 4473 states:

> "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (NOTE: ... A "yes" answer is *not* required if you have been pardoned for the crime or the conviction has been expunged or set aside, or you have had your civil rights restored and, under the law where the conviction oc-

---

**1.** Article VII, section 10 restores more than the right to vote. It restores "all the rights of citizenship." *See Sterling v. Archambault,* 138 Colo. 222, 332 P.2d 994 (1958) (holding that once released from prison, a convict is eligible to run for public office under this section and article VII, section 6).

**2.** The fact that Colorado law makes it unlawful for specific felons to possess a firearm necessarily implies that unenumerated felons *are* permitted to possess firearms. Otherwise, the law merely would prohibit all possession of firearms by ex-convicts.

**3.** Section 922(a)(6) states:

> "It shall be unlawful for any person in connection with the acquisition ... of any firearm or ammunition from a ... licensed dealer ... knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive such ... dealer ... with respect to any fact material to the lawfulness of the sale or other disposition of such firearm ... under the provisions of this chapter." (Emphasis added.)

curred, you are not prohibited from receiving or possessing any firearm).”

I conclude, as I must, that because Mr. Sanders' civil rights had been restored and it was not unlawful for him to receive or possess a firearm under Colorado law, he did not answer falsely when he responded “no” to question 8(b). *Cf. United States v. Kaplan,* No. 91–2003, 1992 WL 168100, at *9–10, 1992 U.S.App. LEXIS 17378, at *25–26 (6th Cir. July 17, 1992) (per curiam) (holding that since the defendant's civil rights were not restored under Michigan law, his “no” answer to question 8(b) clearly was false).

Accordingly, IT IS ORDERED that the defendant's motion to dismiss the indictment is granted.