**UNITED STATES of America, Plaintiff,**

v.

**Carl PETERSEN, Defendant.**

**No. CRIM.A. 01–CR–431–WM.**

United States District Court, D. Colorado.

Aug. 11, 2003.

Philip A. Brimmer, Assistant U.S. Attorney.

Peter A. Gergely, Steven G. Sklaver, Cooley Godward LLP, Broomfield.

## AMENDED ORDER

MILLER, District Judge.

This case is before me on defendant Carl Petersen's motion to dismiss the (now superseding) indictment for lack of a qualifying conviction, filed June 9, 2003.[1] I have considered the parties' written and oral arguments. For the reasons that follow, I conclude defendant's right to possess firearms was not restored under Colorado law and will deny defendant's motion to dismiss.

### Background

The government filed a superseding indictment on June 18, 2003. Petersen is now charged with a single count of possession of a firearm, a Bryco Arms 9 mm pistol, by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The predicate felonies listed in the superseding indictment are: (1) a 1983 conviction of possession with intent to distribute controlled substances, (2) a 1993 conviction of bribing a witness or victim, and (3) a 1993 conviction of first degree aggravated motor vehicle theft. The possession conviction is from

---

1. I will construe defendant's motion as seeking to dismiss the superseding indictment, filed June 18, 2003, to the extent that indictment is predicated on two 1993 Colorado convictions. Although defendant has now challenged the validity of a 1983 federal conviction, which was added by the superseding indictment, I do not reach those arguments in this order.

the United States District Court for the District of Wyoming; the two 1993 convictions are from El Paso County, Colorado.

## Discussion

Defendant argues that the portion of the superseding indictment predicated on his 1993 Colorado cases must be dismissed because those convictions no longer qualify for purposes of section 922(g)(1).

Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm in or affecting interstate commerce. 18 U.S.C. § 921 governs the determination of whether a prior conviction is a qualifying felony for purposes of section 922(g)(1): [2]

> What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

§ 921(a)(20).

■ The law of the jurisdiction in which the prior proceedings were held controls the determination of both whether the crime at issue is a felony and, if so, whether a defendant's civil rights have been restored or the conviction otherwise expunged. *United States v. Hall,* 20 F.3d 1066, 1069 (10th Cir.1994) ("We look to the whole of state law in evaluating the restoration of federal firearms privileges, ... and '[i]f state law has restored civil rights to a felon, without expressly limiting the felons firearms privileges, that felon is not subject to federal firearms disabilities,' ... at least not on the basis of a prior conviction in that state"). *See also Beecham v. United States,* 511 U.S. 368, 114 S.Ct. 1669, 1671, 128 L.Ed.2d 383 (1994) (the determination of whether a person has a conviction for purposes of § 922(g) "is governed by the law of the convicting jurisdiction"). Therefore, I look to Colorado law to decide whether defendant's 1993 convictions are qualifying convictions for purposes of section 922(g)(1).

Defendant does not dispute that his 1993 convictions were punishable by terms of imprisonment exceeding one year. He focuses instead on his argument that his civil rights were restored upon his release from confinement by operation of a law that did not expressly limit his right to possess firearms. To resolve this issue, I must decide: (1) whether defendant's civil rights were restored under Colorado law; and (2) if so, whether Colorado law "expressly provide[d]" that defendant could not possess firearms. *United States v. Sanders,* 844 F.Supp. 1407, 1408 (D.Colo.1994). *See also Hall,* 20 F.3d at 1069 ("To determine whether Hall was lawfully charged with violating § 922(g)(1) we therefore must consider (1) whether Colorado had restored Hall's civil rights, and (2) whether Colorado law prohibited Hall from possessing a firearm at the time of his arrest").

### a. *Restoration of Civil Rights*

■ Article VII, section 10 of the Colorado Constitution restores a convicted per-

**2.** Section 921(a)(20) expressly excludes certain crimes from qualifying as predicate felonies. The exceptions, which include certain antitrust or unfair trade violations and offenses classified under state law as a misdemeanor and punishable by a term of imprisonment of two years or less, do not apply here.

son's right to vote upon pardon or after serving the full term of imprisonment. The section states:

> No person while confined in any public prison shall be entitled to vote; but every such person who was a qualified elector prior to such imprisonment, and who is released therefrom by virtue of a pardon, or by virtue of having served out his full term of imprisonment, shall without further action, be invested with all the rights of citizenship, except as otherwise provided in this constitution.

Although defendant focuses exclusively on the right to vote and the Colorado Constitution, other civil rights are addressed by Colorado statutes. For example, C.R.S. § 18–1.3–401 (formerly § 18–1–105) restores a person's right to hold office upon completion of a sentence of imprisonment or probation.[3] In addition, former versions of C.R.S. § 13–71–109 restored a person's right to serve on a jury upon restoration of the right to vote. *Hall*, 20 F.3d at 1068.

The government contends that the restoration of the right to vote did not restore defendant's right to possess a firearm, arguing that no Colorado court has construed the constitutional provision to extend to rights other than voting rights. The government ignores the statutes cited above. In addition, the government's position is contrary to *Hall*, which held that restoration of the rights to vote, sit on a jury, and hold office was sufficient to reinstate a felon's civil rights for purposes of 18 U.S.C. § 921(a)(20). 20 F.3d at 1069.

*See also Sanders*, 844 F.Supp. at 1408 (holding that restoration of an inmate's rights to vote, hold public office, and serve on a jury qualified as a restoration of civil rights within the context of section 921(a)(20)).

Defendant has completed all terms of imprisonment related to his 1993 Colorado convictions and I agree with him that his civil rights not specifically related to firearms were restored, at the latest, on his discharge date in September 1998,[4] well prior to his arrest or indictment in this case.

b. *Express Prohibition of Firearm Possession*

The remaining issue, whether Colorado law expressly prohibited defendant from possessing a firearm, despite the restoration of other civil rights, turns on whether the controlling law is that which existed at the time of defendant's 1993 convictions or that which was in effect at the time his civil rights were restored upon his discharge in 1998. The relevant statute, C.R.S. § 18–12–108, was amended in 1994, after defendant was convicted but before completion of his sentence.

In 1993, at the time of defendant's convictions and sentences, C.R.S. § 18–12–108 did not prohibit possession of a firearm by a convicted person in all cases. The statute stated, in relevant part:

> Any person previously convicted of *burglary, arson, or a felony involving the*

**3.** This section provides:

> Every person convicted of a felony, whether defined as such within or outside this code, shall be disqualified from holding any office of honor, trust, or profit under the laws of this state or from practicing as an attorney in any of the courts of this state during the actual time of confinement or commitment to imprisonment or release from actual confinement on conditions of probation. Upon his or her discharge after completion

of service of his or her sentence or after service under probation, the right to hold any office of honor, trust, or profit shall be restored, except as provided in section 4 of article XII of the state constitution.

**4.** Defendant was paroled in 1995. I do not address whether any rights were restored on the earlier date because the same analysis applies to either date.

*use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses,* under the laws of the United States of America, the state of Colorado, or another state, *within the ten years next preceding or within ten years of his release or escape from incarceration, whichever is greater,* who possesses, uses, or carries upon his person a firearm or other weapon . . . commits a class 5 felony.

C.R.S. § 18–12–108 (1990) (emphasis added). The government does not contend that defendant's 1993 convictions disqualified him from possessing firearms under the prior version of § 18–12–108.

The new version of § 18–12–108, which took effect in 1994 while defendant was serving his sentences, prohibits possession of a firearm by any convicted felon:

A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm . . . or any other weapon that is subject to the provisions of this article subsequent to the person's conviction for a felony, or subsequent to the person's conviction for attempt or conspiracy to commit a felony, under Colorado or any other state's law or under federal law.

C.R.S. § 18–12–108(1) (1995).

Defendant argues that application of the 1994 version would be a violation of the Ex Post Facto Clause because it would unlawfully increase, retroactively, the punishments for his 1993 convictions.

I do not agree.

Article I of the federal constitution provides that "no . . . ex post facto Law shall be passed." U.S. Const. art. 1, § 9, cl. 3. The Clause is intended to "restrain legislatures and courts from arbitrary and vindictive action and to prevent prosecutions and punishment without fair warning." *United States v. Heredia–Cruz,* 328 F.3d 1283, 1290 (10th Cir.2003).

"Two critical elements must be present for a law to fall within the ex post facto prohibition: 'first, the law must be retrospective, that is it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it.'" *Powell v. Ray,* 301 F.3d 1200, 1203 (10th Cir.2002) (quotations omitted), *cert. denied,* —— U.S. ——, 123 S.Ct. 1578, 155 L.Ed.2d 321 (2003). The Ex Post Facto Clause does not forbid any legislative amendment that has any conceivable risk of affecting an offender's punishment. *Id.* (quoting *California Dep't of Corr. v. Morales,* 514 U.S. 499, 508, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)). "[T]he controlling inquiry is not whether the law is retroactive, but 'whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Id.* (quoting *Morales,* 514 U.S. at 509, 115 S.Ct. 1597).

Defendant cites to the Eighth Circuit's opinion in *United States v. Davis,* 936 F.2d 352 (8th Cir.1991), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). There, the court held that a post-conviction change in Minnesota law prohibiting violent felons from possessing a firearm could not apply retroactively. The facts of *Davis* were similar to the present case. At the time of Davis's conviction in 1971, his punishment included the loss of his civil rights until discharge from his conviction. In 1975, prior to his full discharge, the Minnesota legislature passed a law prohibiting violent felons from owning a pistol. 936 F.2d at 355–56. The Eighth Circuit held that application of the new law to Davis, for purposes of sentence enhancement under sections 922(g) and 924(e), would violate the Ex Post Facto Clause. *Id.* at 356–57. The court viewed the excepting of his right to possess a pistol from restoration of his civil rights as increasing the punishment for violent felonies. *Id.*

*Davis* is not binding on my decision and, in light of the plain language of section 921(a)(20), as well as relevant Tenth Circuit case law, I decline to view it as persuasive authority.[5]

■ Section 921(a)(20) directs that a conviction for which a person has had civil rights restored should not be considered a conviction for purposes of section 922(g) unless the "restoration of civil rights *expressly provides* that the person may not ship, transport, possess, or receive firearms." (Emphasis added.) The use of the present tense focuses on the restoration *as it occurs* and not, as defendant would argue, on a projection of what *might be* restored if and when a defendant completes service of his sentence.

The Tenth Circuit has addressed the effect of the amendment to section 18–12–108, albeit in a slightly different factual context. *United States v. Norman* presented the court with the question of whether to apply the pre–1994 version of section 18–12–108, in effect when the defendant was convicted and when he was released and his civil rights were restored, or the amended version, in effect when the defendant was arrested on the 922(g) offense.[6] 129 F.3d at 1397–98. The Tenth Circuit agreed with other circuits that had addressed the issue and held that section 921(a)(20) "requires us to look to the law which was in effect at the time [defendant's] civil rights were restored, and then to determine whether that law 'expressly provides' that he may not ship, transport, possess, or receive firearms." *Id.* at 1397. Although the court did not expressly address *ex post facto* considerations, the

court noted that the 1994 amendment to section 18–12–108 is "presumptively prospective." *Id.* at 1397 n. 4.

Similarly, in an unpublished opinion issued in 1996, the Tenth Circuit stated: "We are . . . convinced that the use of the present tense in . . . § 921(a)(20) clearly indicates that we are to consider only whether *the law viewed at the time civil rights were restored* 'expressly provides' that the defendant may not ship, transport, possess, or receive firearms." *United States v. Fowler,* No. 95–1207 1996 WL 734637 at *4 (10th Cir. Dec. 23, 1996) (original emphasis).

■ I recognize that neither *Norman* nor *Fowler* considered a change in law between the time of conviction and the time of restoration of rights. Even under the circumstances of this case, however, I conclude that the plain language of section 921(a)(20) compels that, for purposes of determining whether defendant has a qualifying conviction, I must consider what rights were actually restored to him at the time of his completion of his sentence in 1998. For purposes of the *ex post facto* analysis, therefore, the critical point in time is the restoration of rights, not the prior conviction. *Powell v. Ray,* 301 F.3d at 1203 ("the law must be retrospective, that is it must apply to events occurring before its enactment"). Accordingly, the 1994 amendment to section 18–12–108 was not retrospective because it applied to the restoration of defendant's rights in 1998, following its enactment.

In a case analogous to the present case, the Tenth Circuit held that the Federal

---

**5.** I also note that no other circuit has followed *Davis. See, e.g., United States v. O'Neal,* 180 F.3d 115 (4th Cir.), *cert. denied,* 528 U.S. 980, 120 S.Ct. 433, 145 L.Ed.2d 339 (1999); *United States v. Huss,* 7 F.3d 1444 (9th Cir.1993); *Roehl v. United States,* 977 F.2d 375 (7th Cir.1992).

**6.** Norman was convicted in 1976 and completed his sentence in 1979. He was arrested on the federal charges in 1994, after Colorado amended section 18–12–108.

Firearms Act was not unconstitutional as an *ex post facto* law. *Smith v. United States*, 312 F.2d 119, 120–21 (10th Cir. 1963). The court upheld the defendant's conviction for transportation of a firearm in interstate commerce following a conviction for a crime of violence notwithstanding the fact that the underlying conviction predated the passage of the Act. *Id.* at 120.

Here, defendant is being punished for his possession of a firearm in 2001, not for the 1993 bribery or motor vehicle theft crimes.[7] *See Heredia–Cruz*, 328 F.3d at 1290 (application of U.S.S.G. § 2L1.2 sentencing enhancement, amended to treat conviction for alien smuggling as aggravated felony, did not violate the Ex Post Facto Clause because the relevant event triggering the enhancement was illegal reentry, not pre-amendment conviction for alien smuggling). Even assuming defendant may have anticipated, at the time of his 1993 convictions, that he would be able to possess firearms upon completion of his sentence, such a prospective right would not vest unless and until he was released from confinement and his civil rights were unconditionally restored. *Cf. Zaragoza v. Dir. of Dep't of Revenue*, 702 P.2d 274, 276 (Colo.1985) (addressing the Ex Post Facto Clause of the Colorado constitution; "proscription against retroactive legislation prohibits the impairment of *vested rights* ") (emphasis added).

The restoration of defendant's civil rights in 1998, however, was limited by Colorado law then in effect which prohibited his possession of firearms. C.R.S. § 18–12–108 (1994).

Accordingly, it is ordered that defendant's motion to dismiss the indictment for lack of a qualifying conviction, filed June 3, 2003, is denied.

---

7. After my initial ruling on this motion, defendant submitted the June 2003 decision of *Stogner v. California* as new authority, claiming that this case falls within Justice Chase's third category of *ex post facto* laws, *i.e.*, that the 1994 amendment to section 18–12–108 was a law "that change[d] the punishment, and inflict[ed] a greater punishment, than the law annexed to the crime, when committed." *Stogner v. California*, —— U.S. ——, ——, 123 S.Ct. 2446, 2450, 156 L.Ed.2d 544, —— (2003) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390–91, 1 L.Ed. 648 (1798)). As indicated, I do not agree.