UNITED STATES of America, Plaintiff–Appellee,

v.

Roy Spencer HARMON, Defendant–Appellant.

No. 92–4160.

United States Court of Appeals, Tenth Circuit.

June 21, 1993.

R. Steven Chambers, Salt Lake City, UT, for defendant-appellant.

David J. Jordan, U.S. Atty., and Bruce C. Lubeck, Asst. U.S. Atty., Salt Lake City, UT, for plaintiff-appellee.

Before TACHA, BALDOCK and KELLY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Roy Spencer Harmon appeals his conviction for using or carrying a firearm during and in relation to the commission of a drug trafficking crime, 18 U.S.C. § 924(c)(1), claiming that a jury instruction erroneously defined "in relation to" to include using or carrying a firearm which has the potential to facilitate a drug trafficking crime.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Defendant was wanted as a fugitive by the Salt Lake City Police Department. The police received a tip concerning Defendant's whereabouts and conducted surveillance at a particular location. When Defendant arrived, police officers arrested him without incident as he exited his car. At the time of his arrest, Defendant informed the officers that he was armed and in possession of LSD. The officers recovered 125 doses of LSD, a small amount of hashish, $453, and a .25 caliber automatic pistol from a fanny pack which Defendant was wearing around his waist.

Based on these events, Defendant was charged with possession with intent to distribute LSD, 21 U.S.C. § 841(a)(1), using or carrying of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and possession of a firearm after a felony conviction, *id.* § 922(g). At trial, the government established the above stated facts and presented expert testimony that the amount of LSD in Defendant's possession was unlikely to have been for personal use and that many drug dealers carry firearms. Defendant testified on his own behalf that he was a heavy user of LSD, frequently consum-ing twenty or more doses daily, and the LSD in his possession at the time of his arrest was for personal use. Defendant denied that he intended to sell any of the LSD in his possession at the time of his arrest; however, he admitted that he intended to give some of the LSD to friends at a party he was planning that evening. Defendant testified that he was carrying the pistol because he feared that his personal safety was threatened by a person who had recently burglarized his house, but that this was unrelated to his possession of LSD with intent to distribute.

The district court instructed the jury on the § 924(c)(1) charge, in relevant part, as follows:

The government must prove each of the following elements beyond a reasonable doubt in order to convict the defendant. . . .

First, that on or about the date charged in the indictment, the defendant carried or used a firearm;

Second, that the defendant had knowledge that what he was carrying or using was a firearm; and

Third, that he did so during and in relation to the commission of a drug trafficking crime. . . .

A firearm is used or carried during and in relation to a drug trafficking crime when a defendant had ready access to it, and the firearm was an integral part of the criminal undertaking, and its availability increased the likelihood that the criminal undertaking would succeed. . . .

It is not necessary for the government to show that the firearm was loaded or even operable or that the defendant fired the weapon or showed the weapon during the alleged drug trafficking crime. It is enough if the proof establishes that the firearm was a means of protecting or otherwise facilitating the underlying drug trafficking offense.

The words "in relation to" mean that the firearm had a role in, or facilitated, *or had*

---

1. Section 924(c)(1) provides, in relevant part, that "[w]hoever, during and in relation to any . . . drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall . . . be sentenced to imprisonment for five years. . . ." 18 U.S.C. § 924(c)(1).

*the potential of facilitating,* a drug trafficking crime....

Defendant specifically objected to the emphasized language.

We "apply a de novo standard of review to determine the propriety of tendering an individual jury instruction." *United States v. Sasser,* 974 F.2d 1544, 1551 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993). In reviewing jury instructions, we must examine them as a whole to determine whether the instructions provided the jury with an accurate statement of the applicable law. *United States v. Davis,* 965 F.2d 804, 816–17 (10th Cir.1992). "An erroneous jury instruction requires reversal only if, after review of the record as a whole, we determine the error to have been prejudicial." *United States v. Caro,* 965 F.2d 1548, 1555 (10th Cir.1992).

"To convict a defendant under § 924(c)(1), the government ... must prove that the defendant committed the underlying crime ... that the defendant used or carried a weapon ... [and] that the use or carriage of the weapon was 'during and in relation to' the drug trafficking crime." *United States v. Nicholson,* 983 F.2d 983, 990 (10th Cir.1993) (internal citations omitted). When Congress added the phrase "in relation to" to the statutory language as part of the 1984 amendment to § 924(c), *see* Pub.L. No. 98–473, § 1005(a), 98 Stat. 2138 (1984), it did not intend to add a new element to the crime. *United States v. Bullock,* 914 F.2d 1413, 1416 (10th Cir.1990). Rather, Congress merely intended to clarify "a condition already implicit in the statute." *United States v. Stewart,* 779 F.2d 538, 539 (9th Cir.1985). *See also* S. Rep. 225, 98th Cong., 2d Sess. 314 n. 10 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3492 n. 10. The phrase "in relation to" expresses Congress' intent that "a person could not be prosecuted under § 924(c) for an unrelated crime committed while in possession of a firearm." *United States v. Henning,* 906 F.2d 1392, 1397 (10th Cir.1990) (citing *Stewart,* 779 F.2d at 539), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991). *See also* S.Rep. No. 225, at 314 n. 10, *reprinted in* 1984 U.S.C.C.A.N. at 3492 n. 10 ("the requirement that the firearm's use or possession be 'in relation to' the crime would preclude its application in a situation where its presence played no part in the crime"). Thus, "[m]ere possession of [a firearm] cannot support a conviction under [§] 924(c)," and, in order to sustain a § 924(c)(1) conviction, "[t]he government must demonstrate some relation between the 'use' [or carrying] of the firearm and the underlying crime." *United States v. Moore,* 919 F.2d 1471, 1475 (10th Cir.1990). *See also Smith v. United States,* —— U.S. ——, ——, 113 S.Ct. 2050, 2059, 124 L.Ed.2d 138 (1993) ("The phrase 'in relation to' ... clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.").

■ The district court was not required to define "in relation to" in its instructions to the jury. *See United States v. Ross,* 920 F.2d 1530, 1535 n. 7 (10th Cir.1990); *Henning,* 906 F.2d at 1397. Having done so at the government's request, we cannot say that the instruction was error. "The phrase 'in relation to' is expansive...." *Smith,* —— U.S. at ——, 113 S.Ct. at 2058 (citation omitted) (holding that exchange of firearm for drugs constitutes "use" of a firearm "during and in relation to ... [a] drug trafficking crime"). A firearm is used or carried during and in relation to a drug trafficking crime when it serves as a source of protection for the drugs or money, *United States v. Williams,* 923 F.2d 1397, 1403 (10th Cir. 1990), or when it emboldens the defendant to commit the drug trafficking crime. *United States v. Wright,* 932 F.2d 868, 881 (10th Cir.1991). In either of these situations, the government is not required to prove that the defendant ever fired, brandished or even displayed the firearm. *United States v. Johnson,* 977 F.2d 1360, 1369 (10th Cir.1992). When a defendant carries a firearm during a drug trafficking crime as a source of protection or to embolden himself, the firearm has the potential to facilitate the drug trafficking crime, regardless of whether it actually facilitates the offense.

■ We have stated that "'the evident purpose of [§ 924(c) ] was to impose more severe sanctions where firearms facilitated,

*or had the potential of facilitating,* the commission of a felony.'" *United States v. Sullivan,* 919 F.2d 1403, 1432 (10th Cir.1990) (quoting *Stewart,* 779 F.2d at 540) (emphasis added). While we have never explicitly approved of a jury instruction defining "in relation to" to include the potential to facilitate the underlying crime, the Supreme Court has recently recognized that "potential of facilitating" establishes the requisite relation. *Smith,* ——— U.S. at ———, 113 S.Ct. at 2059 ("the gun at least must 'facilitat[e], or ha[ve] the potential of facilitating,' the drug trafficking offense") (citations omitted). Accordingly, we cannot say that the instruction in this case which defined "in relation to" to include "potential of facilitating" was erroneous.

AFFIRMED.