69 F.3d 547
 131 Lab.Cas. P 33,310, 2 Wage & Hour Cas.2d
(BNA) 1792
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William N. FORD, Douglas A. Grenier, Michael F. Jarowitz,
Christopher A. Kear, Ray Kirby, Mark A. Lingenfelser, Robert
H. Mendoza, Edward J. Shelley, Robert L. Smith, David C.
Spezia, Joseph M. Tavano, Gene T. Tomrell, Dale A. Warren,
Franklin J. Watson, Robert C. Wilkins, Robert R. Wilkins,
Jr., James L. Brewer, Alan D. Brugman, Derek Burleson,
Christopher P. Couch, Jeffrey L. Downing, Robert Flynn,
Shervone S. Gallow, David L. Hawley, II, Pat Kitchens,
Robert E. Lincoln, David L. Powell, William J. Slusher,
Gerald L. Smith, Stephen W. Traglio, and Russell A. Wood,
Plaintiffs-Appellants,
v.
The CITY OF LEAVENWORTH, KANSAS, Defendant-Appellee.
 No. 94-3189.
(D.C.No. 92-CV-2442).
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and McKAY, Circuit Judges, and COOK,[2] Senior District Judge.
 
 McKAY
 
 2
 This case arises out of earlier litigation which was settled. In the original case, known as "Brugman," the police officers of Leavenworth, Kansas, sought to be compensated for mealtimes while on duty, specifically, half-hour lunch periods during which, the officers contended, they were working within the meaning of the Fair Labor Standards Act ("FLSA"). The officers sought a determination that their mealtimes were compensable working time, which would have entitled them to back pay and, presumably, to higher net pay in the future, assuming their basic work schedule remained unchanged. The suit was settled out of court and dismissed with prejudice. The terms of the settlement are the basis of this lawsuit.
 
 
 3
 The officers contend that they settled the Brugman suit for two separate considerations. First, they claim that the City offered a cash settlement to compensate them for the back pay to which they claim they were entitled. This is not disputed and is clearly memorialized in the settlement agreement. The officers also believed that the City had agreed to compensate them at their current rate of pay for their mealtimes in the future. Thus, they would receive an additional half-hour's wages each day, or five additional hours every two-week pay period. The alleged basis for this belief was a letter ("the Beale letter") written by the City Attorney to the attorney for the police officers, as well as alleged extrinsic and oral agreements. Thus, the officers contend, they were surprised when they received their first paychecks after the settlement and did not receive any more money. The City had counted the mealtimes as compensable working time, but had lowered the officers' hourly wages commensurately so that there was no net gain in pay. Indeed, if the officers worked any overtime hours, their net pay was even lower than it would have been before the settlement because their time-and-a-half rate for overtime was based on the lower base hourly wage. Understandably upset, the police officers filed this lawsuit alleging breach of contract, promissory estoppel, fraud, and an FLSA claim for retaliation.
 
 
 4
 The district court dismissed the claim for breach of contract (partially granting the Defendant's motion for summary judgment) and, after a three-day trial, allowed the remaining three claims to go to the jury. The jury found for the City on the fraud and FLSA retaliation claim, but found for the officers on the promissory estoppel theory. The district court then entered an order to show cause why the jury verdict should not be set aside for insufficient evidence. Unpersuaded by the officers' arguments, the district court set aside the jury verdict. This appeal followed.
 
 
 5
 The officers raise three issues on appeal. First and foremost, they argue that the district court erred in setting aside the verdict. Second, the officers claim that the district court erred in dismissing the breach of contract claim. Finally, the officers challenge the propriety of the jury instructions on the FLSA retaliation claim. We affirm.
 
 
 6
 We review the district court's entry of judgment as a matter of law de novo, viewing the evidence in the light most favorable to the party seeking to submit the issue to the jury. Hinds v. General Motors Corp., 988 F.2d 1039, 1045 (10th Cir.1993). In order to sustain the jury's verdict on the promissory estoppel theory, the district court properly found it necessary that there be evidence of a promise upon which the officers could have relied. Although the officers may well have been led to believe by their counsel that they would be paid for their mealtimes at the pre-settlement hourly rate, there was no reasonable basis for their counsel to believe that this was the case. The City expressly refused to agree to such a condition in the primary settlement, and the district court properly found that the Beale letter did not contain any additional express or implied promises to this effect. No reasonably jury could infer that there was such a promise (or that there was reasonable reliance thereon) from the evidence presented at trial.
 
 
 7
 We also review the grant of summary judgment de novo. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994), cert. denied, 115 S.Ct. 934 (1995). As there was no promise, express or implied, that the officers would receive the additional pay which they are claiming, there is no contract that the City could have breached by not doing so.
 
 
 8
 We also apply a de novo standard of review to determine the propriety of jury instructions. United States v. Harmon, 996 F.2d 256, 258 (10th Cir.1993). "When reviewing a claim of error related to jury instructions, the instructions must be read and evaluated in their entirety." United States v. Denny, 939 F.2d 1449, 1454 (10th Cir.1991). Viewing the instructions as a whole, the challenged instructions were not improper. They did not misstate the law and would not have misled a reasonable jury. Although the Appellants have presented some possible suggestions on appeal as to how the instructions might have been improved, they did not provide these suggestions in writing to the district court, and they have not carried their burden to persuade us that the jury misunderstood the instructions. See also Harmon, 996 F.2d at 258 (requiring reversal only if prejudice is found).
 
 
 9
 The decisions and orders of the district court are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation