**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

ROY SPENCER HARMON,

      Defendant-Appellee.

No. 98-4151
(D.C. No. 96-CV-795-K)
(D. Utah)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY**, **EBEL**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The United States appeals the district court's order granting defendant Roy Spencer Harmon relief on his motion filed under 28 U.S.C. § 2255. The district court vacated defendant's conviction under 18 U.S.C. § 924(c)(1) for using or carrying a firearm during and in relation to the commission of a drug trafficking crime and granted him a new trial. The district court also ordered that defendant's base offense level be reduced from fourteen to twelve and that his claims of ineffective assistance of counsel and perjured testimony be denied; the government does not challenge those rulings. Our jurisdiction arises from 28 U.S.C. § 1291. We reverse and remand with directions to reinstate the conviction under § 924(c)(1). [1]

Defendant was arrested as he got out of his automobile. He was wearing a fanny pack which contained 125 doses of LSD, cash, and a .25 caliber automatic pistol. As noted above, he was convicted of violating § 924(c)(1). His conviction was affirmed on appeal. See United States v. Harmon, 996 F.2d 256, 257 (10th Cir. 1993). In that appeal, defendant alleged that the jury instructions erroneously defined "in relation to" as used in the charge of using or carrying a firearm during and in relation to a drug crime. See id. He did not challenge the instructions for "using or carrying." Subsequently, the Supreme Court decided Bailey v. United

---

[1] A certificate of appealability is not required from the United States. See United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998).

States , 516 U.S. 137 (1995), interpreting the "use" prong of § 924(c), defining it more narrowly than lower courts had previously defined it, and holding that "the government must prove active employment of the firearm during and in relation to the predicate crime."   United States v. Powell  , 159 F.3d 500, 501 (10th Cir. 1998),  cert. denied , 119 S. Ct. 1088 (1999).

Defendant then filed this § 2255 petition in which he challenged his "use and/or carry" conviction.  The district court adopted the magistrate judge's findings that the facts did not support a "use" conviction after      Bailey  and the jury instructions given at defendant's trial did not require the jury to make the findings necessary to sustain the conviction under the "carry" prong.  The district court evaluated defendant's case under     United States v. Holland  , 116 F.3d 1353 (10th Cir.),  cert. denied , 118 S. Ct. 253 (1997), and considered the evidence and the instructions given to determine whether the jury's verdict was the functional equivalent of a guilty verdict on a "carry" violation.  The       Holland  analysis employed by the district court, however, was "supplanted by the holding in Bousley v. United States   , 523 U.S. 614, 118 S. Ct. 1604 . . . (1998), that collateral Bailey  claims require actual innocence of the § 924(c) charge before relief may be granted."  United States v. Leopard  , 170 F.3d 1013, 1016 (10th Cir. 1999).

Because defendant did not challenge the "use and carry" instructions in his direct criminal appeal, his claims based on those instructions are procedurally

-3-

barred. See Bousley, 118 S. Ct. at 1610. [2] Accordingly, to overcome the procedural bar, he must show "cause and prejudice" or "actual innocence." See id. at 1611. Defendant's argument that the legal basis for his claim was not available at the time of his trial and direct appeal so it would have been futile to attack his conviction before Bailey, does not establish cause for the default without exceptional novelty not present here. See id. Therefore, to obtain collateral review of his § 924(c) claim, defendant must show his actual innocence of the charge.

To establish his actual innocence, defendant "must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (quotations omitted). A "carrying" conviction requires that there was a drug trafficking crime, the firearm was "carried," and the "carrying" was during and in relation to any drug trafficking. See 18 U.S.C. § 924(c)(1). Here, plaintiff admitted that he had a gun and drugs in his fanny pack as he drove his car and as he walked away from it. Consequently, this admission is sufficient to support a conviction under the "carry" prong of

---

[2] The government raised procedural bar for the first time on appeal. Even if the government had not done so, this court has the authority to do so sua sponte, see United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994), so long as defendant has an opportunity to respond to the defense, see United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Here, defendant's answer brief on appeal provided him an opportunity to respond to the procedural bar defense.

§ 924(c).  <u>See</u> <u>Muscarello v. United States</u>, 524 U.S. 125, 118 S. Ct. 1911, 1914, 1919 (1998) (holding conviction under "carry" prong satisfied where gun was in trunk or locked glove compartment of automobile).  Defendant cannot demonstrate that he is actually innocent of the § 924(c) violation.  Therefore, we may not address the merits of his <u>Bailey</u> claim because the claim is procedurally barred.  <u>See, e.g.</u>, <u>Powell</u>, 159 F.3d at 504.

Defendant's motion to bar the government's appeal is DENIED.  The judgment of the district court vacating defendant's conviction under 18 U.S.C. § 924(c)(1) is REVERSED and this case is REMANDED with directions to reinstate the conviction.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge