UNITED STATES of America,
Plaintiff-Appellant,

v.

Jerry Wayne THOMAS and Sherry Lynn Waters, Defendants-Appellees.

Nos. 77-1383, 77-1384.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 9, 1978.

Decided Aug. 9, 1978.

Rehearing Denied Sept. 15, 1978.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., for plaintiff-appellant.

Jack T. Barragree, Oklahoma City, Okl. (Beaven & Barragree, Oklahoma City, Okl., on the brief), for defendants-appellees.

Before McWILLIAMS, BREITENSTEIN, and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

The question to be resolved is whether a misunderstanding on the part of all concerned at sentencing in a criminal case is ground for dismissal of an indictment subsequently returned by a grand jury against the same defendant. The trial court concluded that it was, and the Government now appeals.

Jerry Wayne Thomas was charged in the United States District Court for the Western District of Oklahoma with unlawfully having in his possession the contents of a parcel stolen from the United States mail.

18 U.S.C. § 1708. Shirley Lynn Waters had been charged in the same court with uttering a forged United States Treasury check and having in her possession a United States Treasury check which had been stolen from the United States mail. 18 U.S.C. § 495. Both Thomas and Waters initially pled not guilty. Later, both changed their plea to one of guilty. The circumstances surrounding each change of plea generate the present controversy.

At his change of plea hearing Thomas indicated to the trial court that he was concerned that "more charges" were to be filed against him, and that he wanted "to plead guilty to all these at one time." Accordingly, Thomas asked that the "sentencing thing [be] set off until they were all accumulated." The judge who accepted the change of plea, but who did not later impose the sentence, promised, "on behalf of the judiciary," that Thomas would not be sentenced "until after all of these other charges are filed and you have pled guilty to them." The prosecuting attorney present at Thomas' change of plea acquiesced in the "promise" of the trial court.

Two months later Thomas came on for sentencing before a different judge and with a different prosecuting attorney present, neither of whom knew of the earlier promise "on behalf of the judiciary." Thomas, however, was represented by the same counsel who had represented him at his change of plea. At that time Thomas was sentenced to a term of three years imprisonment. As of that date there were no outstanding indictments, and there was no mention of the possibility that another indictment might be returned. However, two days later Thomas was indicted for violations of 18 U.S.C. §§ 2, 495, 1708, 2314 and 371. Counsel then filed a motion to dismiss the newly returned indictment on the ground that the Government had reneged on representations and promises which it had previously made to Thomas and which the latter had relied on to his detriment. After hearing, the trial court granted the motion and dismissed the indictment. The Government here appeals that dismissal.

Waters' case represents a slightly different situation. At her change of plea hearing nothing was said by Waters, her lawyer, the Government attorney, or the trial court concerning the possible filing of other charges. However, it is Waters' position that there was nonetheless an informal understanding between her lawyer and the prosecuting attorney that she too would not be sentenced until any additional indictments had been returned. Waters was sentenced by the judge who accepted her change of plea, and who was, incidentally, the same judge who sentenced Thomas. At this proceeding nothing was said by anyone concerning the possibility of other indictments being returned. Waters was then sentenced to a term of thirteen months imprisonment. As indicated, two days after sentencing, an indictment was returned against both Waters and Thomas, as codefendants. Waters, like Thomas, moved to dismiss on the ground of unkept promises by the prosecuting attorney. The trial judge, who had not participated in any of the prior proceedings against either Thomas or Waters, granted the motion and dismissed the indictment against Waters. The Government also appeals that dismissal.

An event which in our view sheds light on the present controversy involves an action brought under 28 U.S.C. § 2255 by Thomas to vacate, set aside, or correct the three-year sentence which he had received in the earlier proceeding. This action was instituted by Thomas, pro se, *after*, of course, he had been given the three-year sentence, and *after* the later indictment had been returned against him, but *before* he had filed any motion to dismiss the later indictment on the ground of unkept promises by the Government attorney. In the 2255 action Thomas alleged that his guilty plea in the first proceeding was premised on an understanding that he would not be sentenced in that proceeding until all indictments had been returned. By response in the 2255 proceeding the Government stated, *inter alia*, that it had no objection to vacating the sentence previously imposed since it was understood by Thomas that sentencing

in the first proceeding would not take place until all indictments were returned. The Government in its response also stated that no additional indictments, other than the one which had been returned two days after sentencing, were then contemplated. It was in this setting that Thomas did an about face and moved to dismiss his 2255 proceeding. The motion was granted. On the same day the 2255 proceeding was dismissed, Thomas and Waters filed their joint motion to dismiss the second and later indictment on the ground of unkept promises by the Government.

An unkept promise by the Government in a plea bargaining situation which results in the entry of a plea of guilty in a criminal proceeding may justify either a setting aside of the plea of guilty or a remand for the purpose of compelling specific performance of the Government's promise. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) and United States v. Carter, 454 F.2d 426 (4th Cir. 1972). Disposition of the present appeals is in our view controlled by an examination of the precise promise made. In Thomas' case, the "promise" made by the trial judge, and acquiesced in by the prosecuting attorney, was that Thomas would not be sentenced in the proceeding in which he was changing his plea to guilty until all possible outstanding indictments had been returned. This promise was not kept, since after sentence an indictment was returned. But it does not follow that the subsequently returned indictment is subject to a motion to dismiss. Neither the prosecuting attorney nor the trial judge "promised" that once sentence was imposed no further indictment would be returned. In sum, insofar as Thomas is concerned, the only "promise" was that he would not be sentenced until all indictments had been returned. Such, to us, is no promise that once sentence had been imposed, no further indictment would be returned.

Although Waters is in a somewhat different situation than Thomas, we will assume for the purpose of this appeal that she too "understood" that she would not be sentenced in the proceeding in which she changed her plea to guilty until all pending matters involving her had been processed through to conclusion. The fact that such understanding was breached does not justify a dismissal of the indictment returned two days after her sentencing. Again the promise, if such it be, was not that after sentence no additional indictment would be returned. Rather, the only promise was that she would not be sentenced until all indictments against her had been returned.

We do not regard our disposition of these two appeals to be in any way at odds with either Santobello or Carter. In Santobello a guilty plea was entered to a lesser included offense and the prosecutor agreed to make no recommendation as to sentence. Sometime later the case came on for sentencing, and a different prosecuting attorney, apparently ignorant of his colleague's commitment, recommended the maximum sentence allowed by statute. The sentencing judge imposed the maximum sentence, although he stated in so doing he was not influenced by the position of the prosecuting attorney. It was in this setting that the United States Supreme Court held that the case should be remanded to the state trial court for further consideration as to whether the circumstances required only that there be specific performance of the Government's promise, in which event sentencing should be before a different judge, or, in the alternative, to allow the defendant to withdraw his guilty plea and plead anew. Santobello suggests to us that the solution to the present dilemma is not to dismiss the subsequently returned indictment, but to either allow the defendants to withdraw their respective pleas of guilty in the earlier cases, or vacate the sentence, without withdrawing the plea of guilty, and then process both indictments as to each defendant through to conclusion before imposing sentence in either.

Carter is a bit different. There the defendant was allegedly promised by authorities in the District of Columbia that if he pled guilty there he would not be subsequently prosecuted elsewhere. The defend-

ant did in fact plead guilty, and he otherwise cooperated with the Government. However, he was later indicted in Virginia. His motion to dismiss based on an unkept Government promise was denied without an evidentiary hearing. The defendant was later convicted in Virginia of the crime charged. On appeal, the Fourth Circuit reversed, and remanded for an evidentiary hearing to determine if such promise had been made, and if so, by whom and of what scope. The remand provided that "if the promise was made, relied upon and breached as alleged, the indictment should be dismissed; otherwise the judgment may be reinstated."

*Carter,* in our view, illustrates the distinction which we have tried to emphasize in this case. In *Carter* the prosecutor allegedly promised that if the defendant pled guilty to a pending charge, no further and other prosecution would be instituted. Not even Thomas claims that such a promise was made here. All he claims is that with full knowledge "more charges" were to be filed against him, and that he wanted "sentencing set off until they were all accumulated." This is the only "promise" with which we are here concerned. Such does not justify dismissal of the later indictment.

It should be noted that there is no suggestion that the Government's attorneys acted in anything other than good faith. There was simply a misunderstanding on the part of court and counsel to the end that both Thomas and Waters were sentenced before all other pending matters were processed through to completion.

Judgments reversed and causes remanded for further proceedings consonant with the views herein expressed.