Carter G. Phillips, Asst. to the Sol. Gen., Dept. of Justice, Washington, D.C. (Gary L. Richardson, U.S. Atty., Donn F. Baker, Asst. U.S. Atty., Muskogee, Okl., with him on the brief), for plaintiff-appellant.

Jerry C. Connell, Littleton, Colo., for defendant-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Walter David WORTHEY,**
**Defendant-Appellee.**

**No. 83–1539.**

United States Court of Appeals,
Tenth Circuit.

June 19, 1984.

This is an appeal by the Government from the dismissal of an indictment under 18 U.S.C. § 2314 as being in violation of a plea agreement or in retaliation for what the trial court described as "defendant's unsuccessful attempt to plead guilty to a misdemeanor for which there was no factual evidentiary basis."

An investigation was being conducted by the FBI and the United States Attorney in the Eastern District of Oklahoma. This included the defendant with several other persons and was directed to the transportation of stolen checks with possible charges under 18 U.S.C. § 2314. The defendant

**1430**

had been subpoenaed on November 2 to appear before the grand jury.

Defendant was "interviewed" on November 18 by an FBI agent and an Assistant United States Attorney. This took place at the United States Attorney's office. Defendant was not under arrest but had been subpoenaed as mentioned. The Government wanted the defendant to testify before the grand jury about the participation of the other individuals in the check transaction.

The defendant was most anxious not to be indicted on a felony charge as such an indictment would apparently of itself have started revocation of his parole in Texas. A plea agreement was arranged whereby the Government agreed not to seek a felony indictment on the check charges. The defendant agreed to plead guilty to a misdemeanor charge and to "assist" the authorities in unrelated matters.

This was agreed, but there was a problem because there was no lesser included offense under 18 U.S.C. § 2314 on which the charges against the other persons were expected to be brought. There was no related offense. Thus a misdemeanor under some other statute had to be used. A marijuana misdemeanor violation totally unrelated to the investigation was selected to which defendant agreed to enter a guilty plea. The defendant was not represented by an attorney. The transcript of the testimony of the FBI agent as to this portion of the interview and plea negotiation recites in part:

"Mr. Worthey was very concerned that he was going to be indicted on a felony charge and he was in a matter of fact pleading that that not happen .... He said he would willinginly [sic] testify against the other individuals involved if that need arose, and in addition to that he said he could assist in some other ongoing criminal activities along the Red River in which I am interested. So, Mr. Green was willing to allow him to plead a misdemeanor information. However, in reviewing that particular statute, I think it is 23–14, Green found that there was

no applicable misdemeanor section. So, Mr. Worthey is a well known drug abuser, has been for a number of years. We asked him if had committed any drug offenses in the State of Oklahoma, specifically he was asked about dealing or possessing marijuana in Choctaw County because that is the county immediately above Paris, Texas, where he lives. And he said, yes, that he had on any number of occasions. We tried to pin him down to satisfy ourselves that that was, in fact, the case. And he told us a story about on or about the middle of February he had started out in Boswell, Oklahoma, with another individual whose name I now don't recall and that they had had marijuana in Boswell, Oklahoma, and traveled back to Paris with it."

It appears that the date of the described incident was unknown to either party.

The defendant thereafter testified before the grand jury, but was not called upon to assist as to other matters. He also entered a guilty plea to the marijuana charge which was initially accepted although the court was concerned that defendant represented himself. The court set a date for sentencing but the defendant did not appear. A bench warrant was issued and defendant was arrested. At this delayed sentencing hearing the trial court again raised the question and expressed concern that defendant had not been represented at his guilty plea. The defendant stated to the judge that the FBI had told him that he did not need a lawyer. With little more by way of explanation the defendant said:

"In other words, the way he explained it to me, I didn't have anything to worry about, you know, I don't have any knowledge of Court of Law procedures, I have never been before.

"THE COURT: Would you like to withdraw your plea of guilty?

"DEFENDANT WORTHEY: Yes, sir.

"THE COURT: And have a trial on this matter?

"DEFENDANT WORTHEY: Yes, sir.

"THE COURT: All right.

...."

"THE COURT: Show that the defendant wants to withdraw his plea of guilty and the Court allows him to do that."

The guilty plea to the marijuana charge was so withdrawn and the court set a trial date. The Government, however, thereafter dismissed the charge and procured a felony indictment of defendant on the check transaction (18 U.S.C. § 2314) which had been the subject of the grand jury proceedings and defendant's testimony. The Government argues that the defendant did not keep the plea bargain by reason of the withdrawal of the guilty plea and thus it was not bound by its agreement not to seek a felony indictment.

It appears that this felony indictment of itself might affect defendant's parole status, as mentioned above. The trial court considered the indictment to be in "retaliation" and ordered its dismissal. A hearing was held on the dismissal question, and the court made several findings some of which appear to relate back to the sentencing hearing. The court refers to the fact defendant testified before the grand jury and said:

"Defendant also pleaded guilty to a misdemeanor information charging him with possession of marihuana in the Eastern District of Oklahoma on or about February 15, 1981. However, upon sentencing, the defendant denied his guilt to this charge and this court permitted defendant to withdraw his guilty plea, entered a not guilty plea, appointed counsel, and set the case for trial. Until the court appointed counsel at defendant's change of plea, defendant had never been represented by counsel ....

"Plaintiff argues that defendant did not keep his part of the agreement with the government. The court disagrees. This indictment appears to be in direct retaliation for the defendant's unsuccessful attempt to plead guilty to a misdemeanor for which there was no factual evidentiary basis, other than defendant's statement, including a hypothetical date. All other conditions were fulfilled. The defendant had waived various constitutional rights in his attempt to fulfill the

agreement. The burden became the government's to overcome the evidence of retaliation or vindictiveness ....

"The fact that defendant may have had to perjure himself to fulfill the plaintiff's requirements of the agreement is a fact which the plaintiff should have considered, knowing the court must satisfy itself that there was a factual basis for defendant's guilty plea to the misdemeanor. If there is such a factual basis, the plaintiff may elect to pursue its prosecution of defendant on the misdemeanor, possession of marihuana. If there is not, then the plaintiff attempted to require the defendant to do something that the law will not allow, and this court will not permit.

"The court finds that the government made a bargain, a deal, an agreement, with the defendant not to prosecute him on the charges in this indictment. The defendant has kept all of his part of the agreement which he legally can. The court finds that in the interest of justice, the plaintiff is bound by their agreement, and that this indictment is retaliatory as to the defendant, and is dismissed, *Santobello v. New York*, 404 U.S. 257 [92 S.Ct. 495, 30 L.Ed.2d 427] (1971); *U.S. v. DeMarco*, 550 F.2d 1224 (9th Cir.1977)."

The marijuana offense was totally unrelated to the ongoing investigation and apparently had no basis in fact, certainly as to a date which was selected at random. The Government had no independent knowledge whatever as to the incident. It was an artificial device suggested by the Government to provide some "punishment" for defendant, but was doomed to failure from the outset. It survived the initial Rule 11 proceeding but failed at the sentencing hearing.

It seems apparent from the record that the trial judge for whatever reason was prepared at the sentencing hearing to withdraw his acceptance of the guilty plea. The matter of the plea was pretty much out of defendant's control at that hearing. Although the position of the court at sentencing was expressed by a question, its implications were clear especially from its

findings at the hearing on the motion to dismiss. The court for all practical purposes brought about the withdrawal of the guilty plea. Considering these factors the consequences of the withdrawal of the plea must be examined in that context rather than if defendant had independently withdrawn his plea.

The trial court, in its conclusion that the indictment on felony charges was retaliatory, relied on *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628, where the Government procured an indictment on a more serious charge after the defendant had exercised certain constitutional rights. The parties also discuss *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74, *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, and *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir.), where also no plea bargains were initially involved. The issue of retaliation may be an independent ground for a decision but we do not reach it.

We have instead a plea bargain where the defendant performed part, was unable to perform part, and was not asked to perform another part of his undertaking. The part defendant was unable to perform arose from the failure of both the Government and the defendant in the selection of some misdemeanor to which defendant would plead. As the circumstances developed this element of the plea agreement had to be eliminated after a performance of other parts by defendant.

The parties suggest the application of the law of contracts. This was considered in *United States v. Calabrese*, 645 F.2d 1379 (10th Cir.), where also the burden of establishing a breach was placed on the Government. The need for a judicial determination whether a breach had occurred was there decided.

The felony indictment represented a unilateral decision by the Government that defendant had breached the plea agreement. In *Calabrese*, we said:

"The question of a defendant's breach is not an issue to be finally determined unilaterally by the government."

The trial court's evaluation of the misdemeanor plea was the equivalent to the judicial determination referred to in *United States v. Calabrese*. It was a determination in substance that that element could not have been performed by defendant and thus there was no breach of the agreement by him. In *United States v. Thomas*, 580 F.2d 1036 (10th Cir.), we described a possible remedy for a breach by the Government as a remand for specific performance. It appears that here the dismissal of the felony indictment was the equivalent of such a remedy. We see nothing in the record to indicate that the trial judge was consulted by the Government on the misdemeanor dismissal as a part of its rescission of the plea agreement although the matter was then being considered by the court. There is a duty on the parties to advise the court initially as to plea agreements as we expressly held in *United States v. Blackner*, 721 F.2d 703 (10th Cir.), and we hold that this duty must continue and extend to attempts to terminate or rescind the agreement.

The judgment of the trial court is AFFIRMED for the reasons herein stated.