**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 97-1449

RICHARD POWELL,

Defendant-Appellant.

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### (D.C. No. 96-B-1316)

Submitted on the briefs:

Henry L. Solano, United States Attorney, Craig Wallace, Assistant U.S. Attorney, and John M. Hutchins, Assistant U.S. Attorney, Mountain States Drug Task Force, Denver, Colorado, for Plaintiff-Appellee.

Michael G. Katz, Federal Public Defender, and James P. Moran, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,** * Senior District Judge.

---

\*      Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

**TACHA** , Circuit Judge.

_____

Richard Powell appeals from the district court's decision denying his motion pursuant to 28 U.S.C. § 2255 challenging his conviction under 18 U.S.C. § 924(c) in light of   Bailey v. United States   , 516 U.S. 137 (1995).  Because the district court did not hold an evidentiary hearing and make factual findings, we review its decision de novo.     See United States v. Cox   , 83 F.3d 336, 338 (10th Cir. 1996).  Although a recent Supreme Court decision changes the analysis somewhat, we nonetheless conclude the district court correctly denied the motion, and we affirm.  [1]

In a superceding indictment issued in 1994, a grand jury charged Powell with one count of possession with intent to distribute five grams or more of a substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (count one); using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count two); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (count three).  Pursuant to a plea agreement, Powell agreed to plead guilty to count two,

_____

[1]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.     See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

-2-

and the government agreed to dismiss the other counts and not to bring other charges against Powell or his family members. In late 1994, the district court accepted the agreement and sentenced Powell to the mandatory five-year sentence required for violations of § 924(c). Powell did not file a direct appeal.

Subsequently, the Supreme Court issued its decision in Bailey v. United States, 516 U.S. 137 (1995), interpreting the "use" prong of § 924(c). The Court held that to sustain a conviction for using a firearm in violation of § 924(c), the government must prove active employment of the firearm during and in relation to the predicate crime. See id. at 144. Bailey defined "use" much more narrowly than nearly all lower courts, including this one, had previously defined the term. See United States v. Holland, 116 F.3d 1353, 1356 (10th Cir.) (stating that "actions that were criminal pre- Bailey may no longer be such"), cert denied, 118 S. Ct. 253 (1997), overruled in part, Bousley v. United States, 118 S. Ct. 1604 (1998); see also id. at 1355 (noting that this court had previously held that a defendant "uses" a firearm "when it (1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood of success for that undertaking.") (quotation omitted).

In June 1996, Powell filed pro se the instant motion contending that his conviction should be vacated in light of Bailey and United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996) (allowing Bailey challenge where defendant pled

guilty to § 924(c) charge), because there was no evidence that he actively employed a firearm in connection with his drug trafficking crime and he thus did not fall within the ambit of the statute. In response, the government did not argue that the § 924(c) conviction could be upheld in light of Bailey, but instead contended that because Powell substantially benefitted from his plea bargain by having the other charges dismissed, he should be held to the bargain despite any question about the validity of the § 924(c) conviction. [2]

Adopting the magistrate judge's recommendation, the district court essentially agreed with the government. Because Powell did not directly appeal his conviction, the court found that he had procedurally defaulted his claim unless he could show cause and prejudice to excuse his default. It concluded that despite the lack of facts in the record to support the § 924(c) conviction, there was a factual basis supporting conviction under the two dismissed counts and that Powell substantially benefitted by the plea bargain. Relying on United States v. Fowler, No. 95-1207, 1996 WL 734637, at **5 (10th Cir. Dec. 23, 1996) (unpublished), the court held that this substantial benefit precluded Powell from proving the prejudice required to excuse his procedural default. (The court did not address whether Powell had shown adequate cause to excuse the default.)

---

[2] The government has never argued that the conviction could be upheld under the "carry" prong of § 924(c).

Powell appealed. We granted a certificate of appealability and appointed the Federal Public Defender to represent Powell on appeal and file a supplemental brief.

At about the same time, the Supreme Court issued its decision in _Bousley v. United States_, 118 S. Ct. 1604 (1998), addressing _Bailey_ challenges to § 924(c) convictions following guilty pleas. _Bousley_ recognized that a guilty plea to a § 924(c) charge may be constitutionally invalid as not knowing and voluntary where the defendant is misinformed by the court of the elements of a § 924(c) offense, _see id._ at 1609, as most defendants had been prior to _Bailey_. Such an invalid plea that was not challenged on direct appeal may only be challenged collaterally if the defendant falls within an exception to the procedural default rule. _See id._ at 1610-11. Addressing first the cause-and-prejudice exception, the Court held that the mere fact that _Bailey_ may have altered the settled law of most circuits regarding the meaning of "use" did not make the argument so novel as to constitute cause to excuse the failure to raise a _Bailey_-type challenge on direct appeal, _see id_ at 1611, thus overruling our previously stated contrary view, _see_ _Holland_, 116 F.3d at 1356.

Turning to the other exception to the procedural default rule, the Court also noted that a _Bailey_ claim could be raised collaterally if the petitioner could prove "actual innocence," meaning factual rather than legal innocence. _See Bousley_,

-5-

118 S. Ct. at 1611. The Court then stated that in a proceeding to determine actual innocence following a guilty plea,

> the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in Bailey.

Id. at 1611-12. It further held that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 1612.

Recognizing the impact of Bousley, Powell concedes that he cannot show cause to excuse his procedural default. He contends instead that he is actually innocent of the § 924(c) charge and that the case should be remanded for an evidentiary hearing to allow him to prove actual innocence of the two counts dismissed as part of the plea agreement. He does not explain how or what evidence he may produce to prove his actual innocence of the other two charges. In response, the government contends, inter alia, that by pleading guilty to the § 924(c) charge, Powell acknowledged that he was guilty of the underlying drug trafficking offense charged in count one.

To meet his burden of showing actual innocence, Powell "must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 118 S. Ct. at 1611 (quotations

-6-

omitted).  Although the district court did not address the actual innocence question in light of Bousley, the record is sufficiently developed that we conclude Powell cannot meet his burden of proving he is actually innocent of count one, the drug trafficking charge.

Count one of the superseding indictment, which was dismissed as part of the plea bargain, charged Powell as follows:

> On or about April 12, 1994, in the State and District of Colorado, the defendant, RICHARD POWELL, a/k/a "Duck", did knowingly, intentionally and unlawfully possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack" cocaine), a Schedule II controlled substance.
>
> All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

R. Vol. 1, Doc. 28 at 1.  Count two, the count to which Powell pled guilty, charged him as follows:

> On or about April 12, 1994, in the State and District of Colorado, the defendant, RICHARD POWELL, a/k/a "Duck", did knowingly and unlawfully use or carry one or more of the following firearms, as defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a drug trafficking crime, namely, the knowing, intentional and unlawful possession with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack" cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii), to wit:
>
> [firearms listed]

All in violation of Title 18, United States Code, Section 924(c).

Id. at 1-2. Powell's plea agreement contained the factual basis supporting his plea of guilty to count two, and stated that "[t]he parties agree that there is no dispute as to the material elements which establish a factual basis for the offense of conviction." R. Vol. 1, Doc. 52 at 2. The agreement described the evidence against Powell, which was as follows: On April 11, 1994, police officers responded to a domestic violence complaint at Powell's house in Northglenn, Colorado. His common-law wife, Dawn, unexpectedly told the officers that Powell was a crack dealer and had been since 1990. She told them that he maintained a "stash" house in Denver where he kept drugs and cash. She also told them that Powell had a secret compartment in his truck, for which Powell consented to a search. In the compartment, officers found a loaded pistol, ziploc bags, and approximately $2,780 in cash. Powell also had about $600 on his person.

Officers executed a search warrant at the stash house and determined that no one lived there. During the search, they found what was later analyzed to be thirty-seven grams of crack, ziploc bags, scales, a cellular telephone and pager, $2,825 in cash, two guns and numerous documents in Powell's name as well as in the name of an alias Powell used. Officers subsequently interviewed Keith Sykes, a defendant in another case, who stated that he purchased multiple ounces of

crack from Powell on a regular basis from 1990 to 1992 and that he often obtained the crack from Powell at the stash house. Another individual told officers that he had seen Powell holding a bag of crack, apparently at the stash house. After Powell was arrested, officers found a piece of paper in his wallet containing the name and phone number of the landlord of the stash house. The agreement also indicated that the government would present expert testimony that thirty-seven grams of crack is consistent with resale, not personal use. See id. at 2-5.

At Powell's change of plea hearing, the court referred him to the portion of the plea agreement containing the facts summarized above that the government contended it would be able to prove. The following colloquy ensued:

Q [by the court]. . . Have you read all of that?

A      Yes, sir.

Q      Have you gone over it carefully with your lawyer?

A      Yes, sir.

Q      Do you understand those are the facts that the government
        indicates that they would be able to prove if this case went to
        trial?

A      Yes.

Q      Is that a fair statement of the factual background giving rise to
        this charge in Count Two to which you want to plead guilty?

A     Yes, sir.

Q     Are those facts true?

A     Yes, sir.

R. Vol. 2 at 22.  Based on Powell's responses, the court determined there was an adequate factual basis for his plea.     See id. at 26.

"A plea of guilty is the equivalent of admitting all material facts alleged in the charge.  Under § 924(c), this includes admitting to an underlying drug offense sufficient to support a conviction under that section."     United States v. Kelsey   , 15 F.3d 152, 153 (10th Cir. 1994) (citations omitted);     see also  Barnhardt , 93 F.3d at 710 ("The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea.") (quotation omitted).  As can be seen, through the plea agreement, plea colloquy, and guilty plea to the § 924(c) charge itself, Powell admitted the conduct charged in count one of the indictment.  This admission is sufficient to support a conviction under count one; that is, a reasonable jury could have relied on this admission to convict him of count one. See Tannenbaum v. United States   , 148 F.3d 1262, 1264 (11th Cir. 1998);     cf. Barnhardt , 93 F.3d at 711 (affirming conviction under § 924(c) despite successful Bailey  challenge where defendant admitted at change-of-plea hearing that he "carried" firearm).  Powell therefore cannot demonstrate the innocence necessary

for his defaulted claim to be heard on the merits, and the district court was correct in concluding that his <u>Bailey</u> claim was procedurally barred.

AFFIRMED.