

Michael Sean Edmond, pro se, Littleton, CO.

Kathleen Tafoya, Assistant U.S. Attorney, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, Senior District Judge.

The matter before the Court is the mandate from the United States Court of Appeals for the Tenth Circuit, vacating the judgment of this Court in the above-captioned case, and remanding the case for further proceedings. Specifically, the Court of Appeals directs this Court to conduct further proceedings on the issue of whether Michael Sean Edmond's trial attorney rendered ineffective assistance of counsel by failing to file a timely notice of appeal when Edmond expressly requested that she do so.

Among the numerous arguments raised in Edmond's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, was a Sixth Amendment claim based on his attorney's failure to perfect a direct appeal on his behalf. In its mandate, the Court of Appeals suggests that this Court failed to address this particular claim in dismissing Edmond's habeas corpus petition. In fact, the Court did consider movant's claim regarding the failure to file a notice of appeal, but determined, in reliance on the Tenth

UNITED STATES of America, Respondent,

v.

Michael Sean EDMOND, Movant.

No. CIV.A. 96–Z–2518.
No. CRIM.A. 95–CR–72–Z.

United States District Court, D. Colorado.

Dec. 10, 1998.

Circuit case of *United States v. Fowler,* 104 F.3d 368, No. 95–1207, at \*5–6, 1996 WL 734637 (10th Cir.Dec.23, 1996), that Edmond was not entitled to relief on this claim because he substantially benefited from his guilty plea. Because it appears that this Court did not sufficiently explain the grounds upon which this claim was dismissed, the Court's reasoning and reliance on *Fowler* is further detailed below.

In *Fowler,* a criminal defendant, having failed to file a direct appeal, brought a motion pursuant to 28 U.S.C. § 2255 challenging the factual basis for his conviction. The district court denied the § 2255 motion, holding that Fowler's claims were not cognizable on habeas corpus because they had not been raised on direct appeal. Fowler appealed the district court's decision, asserting that his attorney was to blame for his failure to file a direct appeal and consequent procedural default.

In determining whether Fowler was entitled to relief on habeas, the Court of Appeals assessed whether he had demonstrated "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains...." *Id.* at \*2, *citing United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994). The Court noted that Fowler benefited from his guilty plea by avoiding prosecution on other charges, and also that "by pleading guilty Fowler received the benefit of a § 5K1.1 motion for reduction of sentence for substantial assistance and a government recommendation of a three-point reduction for acceptance of responsibility." *Id.* at \*5. Finally, the Court of Appeals pointed out that if Fowler's attorney "had appealed the conviction and had 'won,' the appropriate remedy would have been to vacate the entire plea agreement and remand for a new trial, a result that probably would have inured to Mr. Fowler's detriment." *Id.* As a result, the Court determined that "the substantial benefit that Fowler derived from pleading guilty ... precludes a determination that any prejudice resulted from his counsel's failure to appeal [his] conviction." *Id.*

The only difference between the *Fowler* case and the case before the Court today is the manner in which the two movants framed the question of whether they were entitled to habeas relief as a result of counsel's failure to perfect a direct appeal. While Fowler raised the issue in the context of procedural default, after the district court had determined that his claims were barred, movant in this case included in his initial § 2255 motion an independent claim for ineffective assistance based on counsel's failure to file a notice of appeal.

With the exception of this distinction in posture, the facts and circumstances of the two cases are virtually identical. As was the case in *Fowler,* here movant pleaded guilty to a single count of the indictment in exchange for the United States Attorney's agreement to dismiss two additional counts that had also been brought against him. In addition, movant received the benefit of a § 5K1.1 motion for reduction of sentence, and this Court, on the recommendation of the United States Attorney, departed downward from a mandatory statutory sentence of 60 months and instead imposed a sentence of 40 months. Finally, as was the case in *Fowler,* if movant's attorney in this case had appealed his conviction and had prevailed, the plea agreement in this case would have been vacated, and a trial ordered on all counts of the indictment.

The Court of Appeals has now directed this Court to conduct "further proceedings on the ineffectiveness issue" in accordance with *Romero v. Tansy,* 46 F.3d 1024, 1031 (10th Cir.1995). *Romero* is one of several cases in the Tenth Circuit holding that "where a defendant claims that counsel was ineffective for failing to perfect an appeal, he must only satisfy the first prong of the *Strickland* test—that counsel's performance fell below an objective standard of reasonableness." 46 F.3d at 1030. However, application of the modified *Strickland* test to the facts of this case would eliminate the requirement of demonstrating prejudice, the very requirement that created an obstacle to relief on habeas for Fowler. Thus, while the *Romero* line of cases instructs us that prejudice is presumed when counsel fails to perfect an appeal on behalf of a client, the result in *Fowler* suggests that the presumption is *not* intended to apply in cases where a defendant has received a substantial benefit by virtue of his guilty plea.

Although *Fowler* is an unpublished decision, the Court determines that it has per-

suasive value with respect to the issue of whether prejudice should be presumed in cases where counsel fails to perfect an appeal but the defendant gained a substantial benefit by pleading guilty. This is an issue not addressed by *Romero* or any other Tenth Circuit case. Moreover, the Court finds that there is no substantial distinction between the facts of this case and those presented to the Court of Appeals in *Fowler,* and that the reasoning in *Fowler* is sound. Applying that reasoning here, the Court determines that, because Edmond received a substantial benefit for his guilty plea, he is not entitled to habeas relief based on his counsel's failure to perfect an appeal on his behalf. Accordingly, it is

ORDERED that the Motion Pursuant to 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody is denied.