**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

THOMAS RAY WEAVER, JR.,

       Petitioner-Appellant,

v.

RON WARD,

       Respondent-Appellee.

No. 00-6386
(D.C. No. 97-CV-1443-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT [*]

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas Ray Weaver, Jr. appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously granted petitioner a blanket certificate of appealability for all issues he raises on appeal, *see* § 2253(c), and respondent filed a response brief. On further consideration of the merits of petitioner's arguments, we affirm the district court's denial of the petition.

In 1988 petitioner was convicted in an Oklahoma state court of rape, kidnapping, robbery and two counts of sodomy, after former conviction of two or more felonies, and was sentenced to more than 200 years' imprisonment. His convictions and sentences were affirmed on appeal, and his request for state post-conviction relief was denied. In September 1997, he filed this habeas petition in the district court asserting a variety of challenges to his convictions. A magistrate judge recommended that the petition be denied. Rejecting petitioner's objections to the magistrate judge's report, the district court adopted the report and denied the petition. On appeal, petitioner raises four issues. Because petitioner proceeds pro se, as he did in the district court, we construe his brief and pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The district court did not hold an evidentiary hearing, so our review of its decision is de novo. *See United States v. Powell*, 159 F.3d 500, 500 (10th Cir.1998).

Petitioner first contends that he was denied his right to a hearing on his state application for post-conviction relief and that he was thereby denied his right to due process. As the district court noted, no federal constitutional provision requires a state to provide post-conviction review, and any error in this regard is simply a matter of state law and not cognizable on federal habeas review. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). We therefore reject this argument.

Petitioner next contends that he was denied effective assistance of trial counsel because a police witness threatened counsel, thus creating a conflict of interest between counsel's concern for his own safety and his defense of petitioner. The district court concluded that this claim was procedurally barred because state courts held he could have raised it on direct appeal, *see English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998), and petitioner does not argue that this conclusion is incorrect. To the extent that petitioner contends appellate counsel should have raised this issue on direct appeal, either to show cause to excuse the procedural bar or as a separate claim of ineffective appellate counsel, petitioner's contention fails because he has not demonstrated that the claim had

any merit. After the conflict issue was raised in the trial court, the judge concluded that he thought counsel could set aside his personal concerns and provide adequate representation. Counsel proceeded with the defense, and petitioner has not shown that there was an actual conflict or how the alleged conflict detrimentally affected his counsel's performance. *See United States v. Litchfield*, 959 F.2d 1514, 1518 (10th Cir. 1992) ("In order to establish an actual conflict, defendant must demonstrate as a threshold matter that the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests.") (quotation omitted).

Petitioner raises several issues concerning his appellate representation. First, he contends that his appointed appellate counsel was ineffective for failing to raise a variety of issues on direct appeal: he was denied compulsory process of witnesses; illegally obtained evidence was used against him; he was subjected to an overly suggestive and improper lineup; he was charged on a multiple count indictment for what was essentially unitary conduct; the prosecution failed to disclose exculpatory evidence; and evidence of his prior criminal convictions was improperly introduced during the guilt phase of his trial. He also contends that his retained appellate counsel was ineffective because the Oklahoma Court of Criminal Appeals rejected his brief due to counsel's violation of a court rule. The district court thoroughly analyzed these claims and held that, since none of the

issues petitioner claims should have been raised were meritorious, petitioner's two counsel were not ineffective because he suffered no prejudice from their failure to raise the issues on appeal. *See United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995). On this appeal, petitioner reasserts his contentions in only the most general and conclusory terms and makes no attempt to show how he was prejudiced by counsel's performance or how the district court erred. Although petitioner is representing himself, we will not construct his arguments for him. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Moreover, we have reviewed the arguments petitioner presented in the district court, and we see nothing undermining the district court's analysis.

Finally, petitioner contends that the district court did not interpret his claims under the liberal standard accorded pro se litigants under *Haines*. To the contrary, the district court went out of its way to liberally construe petitioner's pleadings, to the extent that it addressed ineffective appellate counsel claims that petitioner asserted only in his application for state post-conviction relief. This argument is totally without merit.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge